UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUZZETTE BROWN,

                      Plaintiff,                    Civil Case No:

     -against-                             **COMPLAINT**

WATERMARK SERVICES IV, LLC,
WATERMARK RETIREMENT COMMUNITIES,
INC.,
ROMAINE BAILEY, individually,
DAVID GOLDSMITH, individually, and
DENISE BROOKS, individually.                      **Plaintiff Demand a**
                                                                             **Trial by Jury**

                      Defendants.

------------------------------------------------------------------X

## NATURE OF CASE

1. Plaintiff SUZZETTE BROWN (hereinafter referred to as "Plaintiff" and/or "BROWN"), by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and New York State Executive Law § 296, and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to a hostile work environment, gender discrimination, marital status discrimination, and domestic violence victim status discrimination, retaliation and wrongful termination.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction over the Title VII claim pursuant to 28 U.S.C. §

1331.

3. This Court has supplemental jurisdiction over the related New York State law causes of action asserted in this complaint pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because the events or omissions which gave rise to the claims asserted herein occurred within this Court's jurisdiction.

5. On or about February 16, 2017, Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC").

6. On or about June 9, 2017, in response to Plaintiff's request, the EEOC issued a Notice of Right to Sue on Plaintiff's request.

7. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

8. SUZZETTE BROWN ("Plaintiff" or "BROWN") is an individual female who is a citizen of the State of New York, Westchester County.

9. At all times material, Defendant WATERMARK SERVICES IV, LLC, is a foreign limited liability company duly existing by the virtue and laws of the State of Delaware, authorized to do business in the State of New York.

10. At all times material, Defendant WATERMARK RETIREMENT COMMUNITIES, INC., is a foreign limited liability company duly existing by the virtue and laws of the State of Arizona, authorized to do business in the State of New York.

11. At all times material, Defendant ROMAINE BAILEY ("BAILEY") is an individual male

who is believed to be a citizen of the State of New York.

12. At all times material, Defendant DENISE BROOKS ("BROOKS") is an individual female who is believed to be a citizen of the State of New York.

13. At all times material, Defendant DAVID GOLDSMITH ("GOLDSMITH") is an individual male who is believed to be a citizen of the State of New York.

14. The above named corporate and individual Defendants hereinafter referred to collectively as "Defendants."

## STATEMENT OF FACTS

15. On or about August 9, 2007, Defendants hired Plaintiff as a Caregiver.

16. In or around 2016, Plaintiff and Defendants' employee ROMAINE BAILEY ("BAILEY") started to date.

17. On or about January 14, 2017, Defendants' employee BAILEY — for the third time — physically assaulted Plaintiff.

18. On or about January 14, 2017, Defendants' employee BAILEY pulled a large kitchen knife on Plaintiff, chased Plaintiff around her apartment, and attempted to stab Plaintiff in her head. After, Defendants' employee BAILEY was arrested.

19. On or about January 20, 2017, an Order of Protection was issued by the Mount Vernon City Court, restricting Defendants' employee BAILEY'S contact with Plaintiff.

20. On or about January 24, 2017, Plaintiff contacted Defendants' Human Resource Coordinator DENISE BROOKS ("BROOKS") and told BROOKS that (i) Plaintiff was the victim of a brutal domestic assault and (ii) that an Order of Protection had been issued restricting contact between

Defendants' employee BAILEY and Plaintiff. BROOKS confirmed receiving the Order of Protection, but offered no guarantee or reassurance that the Order would be honored.

21. On or about January 25, 2017, Defendants' Human Resource Coordinator BROOKS contacted Plaintiff. BROOKS asked Plaintiff "do you think [employee BAILEY] will hurt you?" Plaintiff told BROOKS that she was scared and traumatized, that BAILEY had attempted to kill her, and that BAILEY could certainly hurt her at work. Defendants' Human Resource Coordinator BROOKS told Plaintiff that Defendants' employee BAILEY "won't hurt you, you *only* see each other an hour a day." Defendants' Human Resource Coordinator BROOKS then asked Plaintiff if Plaintiff told anyone else about Plaintiff's domestic abuse. When Plaintiff responded in the affirmative, BROOKS told Plaintiff "do not tell anyone else, I don't want [Defendant BAILEY'S] feelings to be hurt."

22. Plaintiff was hurt and confused by Defendants' Human Resource Coordinator BROOKS' indifference to Plaintiff's plight and BROOKS' reverence toward Plaintiff's abuser.

23. Thereafter, Defendants did not abide by the court issued Order of Protection and forced Plaintiff to work with Defendant BAILEY.

24. In or around January of 2017, Defendants' Human Resource Coordinator BROOKS began to retaliate against Plaintiff by demanding that other Defendants' employees cease all communication with Plaintiff.

25. On or about January 30, 2017, Defendants' employee BAILEY approached Plaintiff during work and demanded Plaintiff give him $100. Plaintiff feared for her life.

26. In or around January of 2017, despite the Order of Protection, Defendants' employee BAILEY continued to call, harass, and intimidate Plaintiff at work.

27. On or about February 1, 2017, Defendants' Human Resource Coordinator BROOKS demanded Plaintiff meet with her and Defendants' Executive Director DAVID GOLDSMITH ("GOLDSMITH"). At the meeting, Defendants' Executive Director GOLDSMITH terminated Plaintiff. Defendants' Coordinator BROOKS and Executive Director GOLDSMITH, in a frivolous attempt to absolve themselves of liability, concocted a false non-discriminatory reason for terminating Plaintiff.

28. Plaintiff told Defendants' Executive Director GOLDSMITH that Defendants' Human Resource Coordinator BROOKS never complied with the Order of Protection and put Plaintiff's life at risk. Defendants' Executive Director GOLDSMITH was indifferent to Plaintiff's substantial risk of bodily harm at work.

29. Upon information and belief, Defendant BAILEY still works for Defendants.

30. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

31. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

32. At a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. Plaintiff hereby demands reinstatement.

35. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION FOR
## DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

37. Title VII states in relevant part as follows:

"(a) Employer practices:

It shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

38. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender, national origin, and race.

39. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender.

## AS A SECOND CAUSE OF ACTION FOR
## RETALIATION UNDER TITLE VII
## (Not Against Individual Defendants)

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

42. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF
## ACTION UNDER STATE LAW
## DISCRIMINATION

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this amended complaint as if set forth herein more fully at length.

44. New York State Executive Law § 296 provides that: "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate

against such individual in compensation or in terms, conditions or privileges of employment."

45. Defendants violated the section cited herein by terminating, creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's gender, marital status, and domestic violence victim status.

## AS A FOURTH CAUSE OF ACTION UNDER STATE LAW
## AIDING & ABETTING

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

48. Defendants participated in, aided, abetted, and encouraged Defendants' employee to unlawfully harass and retaliate against Plaintiff.

49. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION UNDER STATE LAW
## RETALIATION

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

51. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory

practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

52. As a direct consequence of Plaintiff reporting discrimination in the workplace, Defendants unlawfully retaliated against Plaintiff by materially altering her terms and conditions of employment and ultimately terminating Plaintiff.

53. Defendants violated the section cited herein as set forth.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: New York, New York
      June 15, 2017

                                              **DEREK SMITH LAW GROUP, PLLC**
                                              *Attorneys for Plaintiff*

                              By: _____
                                              Alexander G. Cabeceiras, Esq.
                                              30 Broad Street, 35th Floor
                                              New York, New York 10004
                                              (212) 587-0760
                                              alexc@dereksmithlaw.com